| | | |
|---|---|---|
| CORY J. TALLEY | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS | * | PARISH OF LAFAYETTE |
| | * | |
| LAFAYETTE PARISH SHERIFF'S | * | STATE OF LOUISIANA |
| DEPARTMENT/HONORABLE | * | |
| MICHAEL W. NEUSTROM | * | DOCKET NUMBER 20141638J |
| | * | |

### CIVIL ACTION FOR DAMAGES UNDER LA CIVIL CODE ARTICLE 2315 AND IN THE ALTERNATIVE UNDER 42 USC SECTION 1983, ET SEQ

Now into court through undersigned counsel comes, Cory J. Talley, an individual of the full age of majority of the Parish of Lafayette, State of Louisiana, who with respect represents:

1.

Made defendant herein is:

A.  Lafayette Parish Sheriff's Department/Honorable Michael W. Neustrom, the duly elected Sheriff for the Parish of Lafayette.

2.

This accident and subsequent actions/inactions arise under LA Civ. Code Art. 2315 and in addition and/or in the alternative under 42 USC Section 1983, et seq under the 8th and 14th Amendments to the Constitution of the United States (42 USC Section 1983; 42 USC Section 1988 (b); and Louisiana Constitutional and Statutory Law.

3.

This honorable state court has jurisdiction to hear the state law claims asserted herein under LA Civ. Code Art. 2315 and also has concurrent jurisdiction over the <u>alternatively</u> filed, Section 1983 claim(s).

4.

At all times mentioned hereinafter, the Honorable Michael W. Neustrom, Sheriff of the Parish of Lafayette was a final policy maker for the Lafayette Parish Sheriff's Department, and at all times relevant herein he had authority over policies, procedures, customs, practices, and training of deputies and medical personnel working for him/Lafayette Parish Correctional Center. At all relevant times he and his employees, deputies, personnel and agents were acting under the color of law and in the course and scope of employment.

5.

Additionally, plaintiff pleads the doctrine of Respondeat Superior.

## FACTS

6.

On or about January 29, 2015, plaintiff, Cory J. Talley, was arrested for a crime that he did not commit and for which he was subsequently acquitted. As a result of this arrest he was booked into the Lafayette Parish Correctional Center, which at all relevant times was maintained, managed and staffed by the Lafayette Parish Sheriff's Department (Sheriff Neustrom).

7.

Originally, because of a broken hand he was housed in the Medical Pod of the Lafayette Parish Correctional Center through approximately March 24, 2015 when he was transferred to Pod 3C of the general population jail.

8.

At all relevant times and upon being booked, Mr. Talley was screened by certain medical personnel employed by or acting on behalf of the Lafayette Parish Correctional Center. In said interview(s), the above medical personnel received information from plaintiff, Cory J. Talley, that he had undergone two major right knee operations by Dr. David Muldowny; one in 2007 and the other one in 2009. The procedures performed were first, a menisectomy, and next another menisectomy including PCL and MCL repair which left plaintiff with restrictions from climbing and heavy work because of the propensity of the damaged knee to give out, collapse or buckle.

9.

In light of the above information received, personnel assigned plaintiff a "Code 7" classification. On information and belief, he was to be restricted from being placed in a top bunk bed because of the above described medical issue.

10.

From approximately March 24, 2015 through March 30, 2015 plaintiff was allowed to sleep on the floor on a "portable bunk" because of an over-population issue in said correctional center.

**Exhibit A**

11.

On March 30, 2015, plaintiff was ordered to sleep and generally utilize a top bunk of a bed apparatus situated in Pod 3C. In response to this assignment/order, plaintiff protested that he was not physically able to climb, traverse, etc. said bunk because of the severe medical issue relating to his right knee with medical restrictions which should have correlated with his "Code 7" classification at said facility.

12.

Despite the above protest and objections by plaintiff, he nevertheless was ordered by two guards/deputies of Lafayette Parish Correctional Center (on information and belief one of these guards was named "Wesley"; possibly a Sergeant, along with another guard, a female (slim, brunette).) Both of these officials required him to sleep and utilize exclusively a top bunk despite the above described medical restrictions.

13.

Records will establish that plaintiff made numerous "Telemate" complaints about this new sleeping assignment. Despite said complaints, plaintiff was refused a bottom bunk and/or portable bunk in light of his "Code 7" classification and the knowledge of certain officials of the Lafayette Parish Correctional Center of his medical restrictions.

14.

On or about April 2, 2015, at approximately 4:00 p.m., plaintiff, Cory J. Talley, was called for a "medicine call" because of a sinus infection he was experiencing. In response, he then attempted to descend approximately five feet from the top bunk, and in doing so, his right knee gave out/buckled, causing him to fall down backwards onto the corner of a table situated near said bunk, striking his low back.

15.

As a result of striking his low back on said table, plaintiff sustained grave and permanent injury to his lower back, including an internal spinal cord injury.

16.

Plaintiff ended up on the floor and because of the internal spinal injury was not able to get up. Deputies responded and tried to get plaintiff up and walking, but he was unable to support his body with his legs.

**Exhibit A**

17.

In due course he was put in a wheelchair and transferred to the Medical Pod of the facility.

18.

The records will reflect that deputies/personnel of the Medical Pod received information regarding Mr. Talley's inability to walk and he made numerous requests for medical aid through "Telemate" regarding his lower back injury and his inability to feel his legs. It was not until five days post-trauma, April 7, 2015, that he was evaluated by a Registered Nurse affiliated with the Lafayette Parish Sheriff's Department. She opined that he should stay in the wheelchair and that he should be taken to University Medical Center.

19.

Despite numerous additional requests, plaintiff, Cory J. Talley was not taken to University Medical Center until April 24, 2015, some 17 days later.

20.

In the interim, on or about April 22, 2015 plaintiff suffered a minor stroke with symptoms of pulling/"droopiness" of the left side of his face and a loss of motor function of the left arm along with slurred speech. Plaintiff was 22 years old. More likely than not because of his static positioning in said wheelchair, he "threw a clot" resulting in the stroke.

21.

When plaintiff was finally taken to University Medical Center it was determined that he had suffered a stroke along with the previously incurred internal spinal damage as a result of falling from the top bunk onto the table.

22.

Plaintiff continues to suffer from permanent injuries to his low back/spine/spinal cord along with the adverse affects of the stroke sustained in said facility.

23.

Accordingly, plaintiff, Cory J. Talley, prays for damages that are reasonable on the premises for medical expenses into the future, lost wages and/or loss of earning capacity in the present and into the future because of the debilitating conditions described herein, along with general damages, including pain and suffering, mental anguish, loss of enjoyment of life, disability and any and all other general damage categories allowable under law.

**Exhibit A**

## FIRST CAUSE OF ACTION

**Negligence under LA Civ Code Art 2315**

24.

Plaintiff alleges that the combined actions and inactions as set forth herein of all of the personnel of the Lafayette Parish Correctional Center under the employment of the Lafayette Parish Sheriff's Department/Honorable Michael W. Neustrom constitute negligence under LA Civ. Code Art. 2315, et seq, that proximately resulted in plaintiff's injuries, disabilities and damages.

25.

Firstly, defendants were negligent in failing to train personnel and/or implement reasonable policies and procedures that would have prevented a "Code 7" inmate such as plaintiff who is housed at said facility with a medical disability from having to utilize a top bunk with the known medical risks associated with getting up and down said top bunk and the high risk of falling and sustaining injuries.

26.

Negligence in failing to properly communicate to relevant personnel plaintiff's medical status to the various departments to prevent the assignment of plaintiff, Cory J. Talley, to a top bunk.

27.

Additionally, after knowing of said accident and the obvious injuries sustained, failing to provide reasonable and timely medical care and attention except for putting him in a wheelchair which more likely than not, led to plaintiff "throwing a clot" and experiencing a minor stroke and disabilities associated therewith.

28.

Other acts of negligence and/or fault to be shown at the trial of this matter.

## SECOND CAUSE OF ACTION (ALTERNATIVE)
## 42 USC § 1983, ET SEQ

29.

In the alternative plaintiff, Cory J. Talley pleads under 42 USC § 1983 in that jail officials are obligated under the 8th Amendment to provide inmates with adequate medical care and that the facts presented herein may show that the prison officials were deliberately indifferent to serious

medical needs by recklessly disregarding a substantial risk of harm to this plaintiff/inmate of Lafayette Parish Correctional Center.

30.

Honorable Michael W. Neustrom and other supervisory officials of the Lafayette Parish Sheriff's Department are named only in his (their) official capacity if it is shown that the failure to implement and/or provide reasonable protocols as set forth herein would lead to a deprivation of plaintiff's constitutional rights as the courts have defined same under the 8th Amendment.

31.

The specific constitutional violations (in the alternative) are two fold:

1. Mandating that a "Code 7" inmate utilize a top bunk under the circumstances set forth herein knowing the high likelihood of injury presented, and

2. After suffering the inevitable injury as set forth herein, failing to provide reasonable medical attention and care to said plaintiff/inmate leading to a minor stroke, more likely than not, caused by the dilatory medical attention and actions/inactions presented for his "treatment".

32.

As the direct result, supervisory officials of the Lafayette Parish Sheriff's Department showed deliberate indifference to the medical circumstances presented, which in due course may have violated plaintiff's constitutional rights under the 8th and 14th Amendments.

33.

Failing to provide policies and procedures for handling an inmate so highly predisposed to injury, then post-trauma recklessly failing to provide reasonable medical attention and care.

34.

Plaintiff prays for damages in addition to those prayed for under LA Civ. Code Art. 2313 as set forth in paragraph 23 above to include damages allowable under law under 42 USC § 1983, et seq including but not limited to attorney's fees (pursuant to 42 USC § 1988 (b), costs, expenses and any other additional remedies deemed proper.

35.

Plaintiff here requests a trial by jury.

**Exhibit A**

Respectfully submitted,

DOMENGEAUX WRIGHT ROY
EDWARDS & COLOMB, LLC

BY: _____
James H. Domengeaux
Bar Roll No. 17555
556 Jefferson St., Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502
(337) 233-3033
ATTORNEYS FOR PLAINTIFF

FILED THIS 25 DAY OF March, 2016
TRUE COPY ATTEST, LAFAYETTE, LA

_____
Deputy Clerk of Court

Page 7 of 8

**Exhibit A**

**PLEASE SERVE:**

**HONORABLE MICHAEL W. NEUSTROM/LAFAYETTE PARISH SHERIFF**
316 West Main Street
Lafayette, LA 70501

Exhibit A

D41951963
cc_leoquinn

Ordered by Atty.: JAMES H. DOMENGEAUX

# CITATION

**CORY J TALLEY**  **FIFTEENTH JUDICIAL DISTRICT COURT**

**VS**  **DOCKET NUMBER: C-20161638 J**

**LAFAYETTE PARISH SHERIFFS DEPT, ET AL**  **PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

**TO:** HONORABLE MICHAEL W. NEUSTROM/ LAFAYETTE PARISH SHERIFF
316 WEST MAIN STREET
LAFAYETTE, LA 70501

of the Parish of Lafayette

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, LAFAYETTE, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this MARCH 30, 2016.

Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED: _____
PERSONAL ( ) _____
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE      MOVED ( )      NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____  MILEAGE $_____  TOTAL $_____
DEPUTY _____

**Exhibit A**